UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROVPORT, INC., Plaintiff, | : | |
| vs. | : | C.A. No.: 04-329-L |
| METALS RECYCLING, L.L.C., Defendant | : | |

**DEFENDANT METALS RECYCLING, LLC'S MOTION TO COMPEL**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Defendant and Plaintiff-in-Counterclaim, Metals Recycling, L.L.C. (hereafter "Defendant" or "Metal Recycling"), hereby moves to compel from the Plaintiff and Defendant-in-Counterclaim, ProvPort, Inc. (hereafter "Plaintiff" or "ProvPort"), more responsive answers to the Defendant's interrogatories and more documents responsive to the Defendant's document requests. In essence, the Defendant seeks to compel more responsive answers and documents related to the alleged amendments to the tariff at issue in this case (the "Tariff") because the Plaintiff has based a number of its allegations on these alleged amendments. In further support of its motion, Defendant Metals Recycling submits the accompany memorandum of law.

WHEREFORE, Defendant Metal Recycling requests that this Court allow its motion to compel the Plaintiff to provide more responsive discovery responses to the following: (1) Document Request No. 1; (2) Interrogatory No. 2, and (3) the spreadsheets concerning the Wharfage charges.

DEFENDANT,
METALS RECYCLING, L.L.C.
By its attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esq. (# 0783)
Gregory L. Benik, Esq. (# 1515)
John P. Walsh, Esq. (# 6709)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

CERTIFICATE OF SERVICE

The undersigned certifies that the within Motion to Compel was served by sending it to Stephen J. Reid, Jr., Esq., Blish & Cavanaugh, L.L.P., 30 Exchange Terrace, Providence, Rhode Island, 02903, by U.S. Mail, First Class, postage prepaid, and by facsimile this 3rd day of June, 2005.

Sara Ritchie

# 2940422_v1

0UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROVPORT, INC.,
Plaintiff,

vs. C.A. No.: 04-329-L

METALS RECYCLING, L.L.C.,
Defendant

## DEFENDANT METALS RECYCLING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL

### INTRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Metals Recycling L.L.C. (hereafter "Defendant" or "Metal Recycling") moves to compel Plaintiff ProvPort, Inc. (hereafter "Plaintiff" or "ProvPort") to answer the Defendant's second interrogatory ("Interrogatory No. 2") concerning the alleged amendments to the tariff identified in the Plaintiff's Verified Complaint (the "Tariff"), and to produce all of the documents related to the Defendant's interrogatories three through six ("Interrogatories Nos. 3-6"), which also deal with the "Tariff, as amended." In short, because a number of the allegations in the Plaintiff's Verified Complaint deal with the application of the "Tariff, as amended," the Plaintiff must comply with all discovery requests related to these amendments.

### FACT/TRAVEL

Since November of 1997, Defendant Metal Recycling has conducted business with Plaintiff ProvPort at the Port of Providence. On August 2, 2004, the Plaintiff filed a 32-page verified complaint against the Defendant, seeking relief under five separate counts: (1) dockage, (2) wharfage, (3) usage, (4) rent and related charges, and (5) repairs. (*See* Plaintiff's Verified Complaint, attached as **Exhibit 1.**) In response, the Defendant filed a counterclaim against the Plaintiff,

alleging that the Plaintiff had made unjustified and unlawful demands on the Defendant to pay money beyond the scope of the Defendant's legal obligations to the Plaintiff.

In Plaintiff's case, the allegations concerning the Defendant's unpaid debt for, *inter alia*, "Dockage" and "Wharfage" hinge, in part, on the Plaintiff's application of the "Tariff, as amended." Specifically, the Plaintiff alleges in paragraph 5 of the Verified Complaint that:

> On June 10, 1994, Port of Providence Terminal Tariff No. 200 (the "Tariff") was duly issued by Thomas F. O'Connor, Jr., Executive Director of the Port, which Tariff became effective on July 10, 1994. A copy of the Tariff is attached hereto and incorporated by reference as Exhibit "A". ProvPort has at all times material hereto applied the rate and charges set forth in the **<u>Tariff, as amended</u>**, with respect to, <u>inter alia</u>, "dockage", "wharfage", and "usage". (*See* Verified Complaint, **<u>Exhibit 1</u>**) (emphasis added).

In subsequent paragraphs, the Plaintiff also alleges that the "dockage" rates "have since been amended" and that "[e]ffective May 1, 2004 the wharfage rate for scrap metal was increased to $1.25 per ton of 2,000 pounds." (*See* Verified Complaint, ¶¶ 7,8.) Utilizing these amended Tariff rates, the Plaintiff then calculates the specific damages allegedly caused by the Defendant. (*See, e.g.*, Verified Complaint, ¶¶ 20, 88, attached as **<u>Exhibit 1</u>**.) For instance, the Plaintiff asserts in paragraph 20 of the Verified Complaint that "Metals owes ProvPort the total principle amount of $75,614.74 in Docket charges in accordance with the Tariff, as amended. . ." (Verified Complaint, **<u>Exhibit 1</u>**.)

On January 31, 2005, Defendant Metals Recycling served a set of interrogatories and requests for production of documents on Plaintiff ProvPort. On April 18, 2005, Plaintiff ProvPort served the Defendant with answers to the Defendant's interrogatories (*see* Defendant's Answers to Interrogatories, attached as **<u>Exhibit 2</u>**) and responses to the Defendant's document requests (*see* Defendant's Responses to Document Requests, attached as **<u>Exhibit 3</u>**). Relevant to this motion, the Plaintiff asserted the following responses to Interrogatories 2-6:

> **<u>Interrogatory No. 2:</u>**
>
> Describe in complete detail the statutory or other regulatory authority pursuant to which the Tariff referred to in paragraphs 5 through 9 of the Complaint, and all amendments thereto, were promulgated, issued, and/or filed.

__Answer__: ProvPort objects to this Interrogatory on the grounds that it calls for a legal conclusion and/or legal opinion.

**__Interrogatory No. 3:__**

For each of paragraphs 11 through 18 [in the Verified Complaint], inclusive, state:

* * *

b. the rate at which the claim for dockage is calculated;
c. the identity of the basis for the rate identified in subparagraph (b) above;

* * *

__Answer__:

a. * * *
b. see documents attached hereto as Attachment "B";
c. **__see Port of Providence Terminal Tariff No. 200, as amended__** (a copy of the Tariff is attached as Exhibit "A" to the Verified Complaint) and documents attached hereto as Attachment "A";
d. * * *

**__Interrogatory No. 4:__**

For each of paragraphs 22 through 86 [in the Verified Complaint], inclusive, state:

* * *

b. the rate at which the claim for wharfage is calculated;
c. the identity of the basis for the rate identified in subparagraph (b) above;

* * *

__Answer__:

a. * * *
b. see documents attached hereto as Attachment "B";
c. **__see Port of Providence Terminal Tariff No. 200, as amended__** (a copy of the Tariff is attached as Exhibit "A" to the Verified Complaint) and documents attached hereto as Attachment "A";
d. * * *

**__Interrogatory No. 5:__**

For each of paragraphs 90 – 103 [in the Verified Complaint], inclusive, state:

* * *

b. the rate at which the claim for usage is calculated;
c. the identity of the basis for the rate identified in subparagraph (b) above;

* * *

__Answer__:

a. * * *
b. see documents attached hereto as Attachment "B";

c. **<u>see Port of Providence Terminal Tariff No. 200, as amended</u>** (a copy of the Tariff is attached as Exhibit "A" to the Verified Complaint) and documents attached hereto as Attachment "A";

d. * * *

**<u>Interrogatory No. 6:</u>**

For each of paragraphs 107-144 [in the Verified Complaint], inclusive, state:

* * *

b. the rate at which the claim for rent and related charges is calculated;

c. the identity of the basis for the rate identified in subparagraph (b) above;

* * *

**<u>Answer:</u>**

a. * * *

b. see documents attached hereto as Attachment "B";

c. **<u>see Port of Providence Terminal Tariff No. 200, as amended</u>** (a copy of the Tariff is attached as Exhibit "A" to the Verified Complaint) and documents attached hereto as Attachment "A";

d. * * *

Two days after the Plaintiff served its discovery responses, Defendant Metal Recycling sent a letter to the Plaintiff's counsel requesting a more responsive answer to Interrogatory No. 2. (*See* Prentiss Letter, dated April 20, 2005, attached as **<u>Exhibit 4</u>**.) As illustrated above, the Plaintiff had failed to answer Interrogatory No. 2 claiming that it required a legal conclusion or legal opinion. The Defendant disagreed with this objection, stating the following in the April 20th letter:

> This inquiry into the statutory or regulatory authority for the plaintiff's so-called tariff does not seek a legal conclusion or legal opinion. ProvPort, in its Complaint, purports to assert that its tariff has some kind of legal status that is more than mere *ipse dixit*. You made that assertion to Judge Legueux in our initial conference on this case. The defendant is certainly entitled to know the legal basis for that assertion.

(*See* Prentiss Letter, dated April 20, 2005, **<u>Exhibit 4</u>**.) Despite the letter, the Plaintiff failed to comply with this request.

On May 3, 2005, Defendant Metal Recycling sent another letter to Plaintiff's counsel requesting the documents related to the Plaintiff's answers to Interrogatories Nos. 3-6. (*See* Prentiss

Letter, dated May 3, 2005, attached as **Exhibit 5**.) As noted in Document Request No. 1, the Plaintiff had an obligation to produce "all documents identified in answers to interrogatories served on or about January 31, 2005." (Defendant's Responses to Document Requests, attached as **Exhibit 3**). Because the Plaintiff's answers to Interrogatories Nos. 3-6 rely upon the "Tariff, as amended," the Plaintiff had an obligation to produce all documents concerning the "Tariff, as amended," including a copy of the Tariff's amendments. This letter also indicated that "the spreadsheets' accounting for wharfage is not as extensive as the claims in your complaint." (Prentiss Letter, dated May 3, 2005, **Exhibit 5**.) The Plaintiff failed to supplement its responses in accord with the Defendant's request.

## ARGUMENT

The Plaintiff cannot object to Interrogatory No. 2 based on a claim that it seeks a legal conclusion or a legal opinion. Under Rule 33 of the Federal Rules of Civil Procedure, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(c). This means that an interrogatory is not objectionable unless it asks a question of "pure law" unrelated to the underlying facts of the case. *See* Fed. R. Civ. P. 33 advisory committee's note ("under the new language[,] interrogatories may not extend to issue of 'pure law,' i.e., legal issues unrelated to the facts of the case."); *see also United States v Boyce*, 148 F. Supp.2d 1069, 1085 (S.D. Cal. 2001) (holding that interrogatories were not objectionable because they were not "directed to issues of 'pure law'") (citing *In re One Bankcorp. Sec. Litig.*, 134 F.R.D. 4, 8 (D. Me. 1991); *Coles v Jenkins*, 179 F.R.D. 179, (W.D. Va. 1998) (same). Thus, under this provision of Rule 33, an interrogatory can seek "discovery of a parties legal theories based on facts." 7 James Moore, et al, Moore's Federal Practice ¶ 33.78 (3d ed. 1998) (citing *Hockley v Zent, Inc.*, 89 F.R.D. 26, 31 (M.D. Pa.

1980) (Rule 33 allows "a litigant to require an opponent to answer interrogatories asking for a delineation of legal theories.").

In *United States v Boyce*, for instance, the IRS had filed an action against the defendants based on their tax-payment deficiencies. *United States v Boyce*, 148 F. Supp.2d 1069, 1071 (S.D. Cal. 2001) (attached as **Exhibit 6**) In defending this action, the defendants argued, among other things, that the government's calculation of a particular tax debt concerning "Form 4340" was inaccurate because the calculation did not take into account a Tax Court Judgment. *Boyce*, 148 F. Supp. 2d at. 1085. As part of the discovery, the IRS served an interrogatory on the defendants that required the defendants' to "support their position that the Forms 4340 (sic) are inaccurate." *Id.* at 1085. The defendants objected, arguing that the "interrogatory calls for a legal conclusion." *Id.* The *Boyce* court rejected this argument, holding that this interrogatory was proper because it was "aimed at learning the basis for the [defendants'] arguments that the Forms 4340 incorrectly calculate the [defendants'] tax deficiencies." *Id.* The *Boyce* court reasoned that the interrogatories were "not directed to issue of 'pure law' that would infringe on the attorney work-product. . ..[r]ather, they seek the facts upon which the [defendants'] relied for their defense to the Forms 4340 (sic)." *Id.*

Similar to the situation in *Boyce*, Interrogatory No. 2 is not objectionable because it is not inquiring about an issue of pure law unrelated to the facts. Instead, it is seeking the underlying basis for the Plaintiff's calculation of damages. *Boyce*, 148 F. Supp. at 1085 (interrogatory seeking basis for IRS's calculation of a tax form was not objectionable as a legal conclusion). Given that the Plaintiff has based a number of its allegations in its Complaint on the "Tariff, as amended" (*E.g.* Verified Complaint, ¶¶ 20, 88, **Exhibit 1**), the Plaintiff must now answer all interrogatories concerning these allegations, including Interrogatory No. 2, because these interrogatories are "aimed at learning the basis for" the Plaintiff's argument for damages. *Id.*

The Plaintiff also cannot object to producing all documents concerning the "Tariff, as amended," including, without limitation, the Tariff's amendments. In its requests for production of documents, the Defendant requests "[a]ll documents identified in answers to interrogatories served on or about January 31, 2005." (Document Requests, Request No. 1, **Exhibit 3.**). As noted above, the Plaintiff's answers to Interrogatories Nos. 3-6 incorporate the "Tariff, as amended." Thus, the Plaintiff must provide the Defendant with all documents related to the Tariff amendments, including a copy of the Tariff's amendments.

Finally, if the Defendant has left out information in its spreadsheets accounting for the wharfage charges, it must provide this information in accord with the Discovery Requests. From reviewing the spreadsheet information, it appears that it is not as extensive as the Verified Complaint alleges.

## CONCLUSION

For the reasons stated above, this Court should allow the Defendant's motion to compel the following: (1) an answer to Interrogatory No. 2; (2) all documents related to Interrogatories Nos. 3-6 via Document Request No. 1, including the Tariff's amendments; and (3) any information withheld by the Plaintiff in its spreadsheets concerning the Wharfage charges.

## CERTIFICATION OF ATTORNEY

I, John P. Walsh, herein certify that, pursuant to Rule 37(a)(2) of the Rules of Civil Procedure, the attorneys of Holland & Knight LLP made a good faith attempt to resolve this discovery dispute prior to filing the within motion.

John P. Walsh, Esq.

DEFENDANT,
**METALS RECYCLING, L.L.C.**
By its attorneys,

**HOLLAND & KNIGHT LLP**

R. Daniel Prentiss, Esq. (# 0783)
Gregory L. Benik, Esq. (# 1515)
John P. Walsh, Esq. (# 6709)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

## CERTIFICATE OF SERVICE

The undersigned certifies that the within Motion to Compel was served by sending it to Stephen J. Reid, Jr., Esq., Blish & Cavanaugh, L.L.P., 30 Exchange Terrace, Providence, Rhode Island, 02903, by U.S. Mail, First Class, postage prepaid, and by facsimile, this 3rd day of June, 2005.

# 2951393_v1