UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROVPORT, INC.
Plaintiff and
Defendant-In-Counterclaim

vs. C.A. NO. 04-329-L

METALS RECYCLING, L.L.C.
Defendant and
Plaintiff-In-Counterclaim

**PROVPORT, INC.'S ANSWERS TO FIRST SET OF INTERROGATORIES PROPOUNDED BY METALS RECYCLING, L.L.C.**

Plaintiff and defendant-in-counterclaim, ProvPort, Inc. ("ProvPort"), objects to the First Set Of Interrogatories propounded by defendant and plaintiff-in-counterclaim, Metals Recycling, L.L.C., to the extent that the information sought is protected by the attorney-client privilege and/or work product privilege. Without waiving but specifically preserving and incorporating these preliminary objections in it Answers to the individual Interrogatories, ProvPort hereby answers that First Set Of Interrogatories as follows:

**Interrogatory No. 1:**

Identify the "Lease Agreement" referred to at paragraph 4 of the Complaint.

**Answer:** a. Indenture Of Lease, dated December 15, 1969, by and between the City of Providence (as Lessor) and Metals Processing Company (as Lessee);

b. Indenture Of Lease, dated April 8, 1970, by and between the City of Providence (as Lessor) and Metals Processing Company (as Lessee);

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

c. Indenture Of Lease, dated April 27, 1971, by and between the City of Providence (as Lessor) and Metals Processing Company (as Lessee);

d. Agreement, dated November 1, 1974, by and between the City of Providence (as Lessor) and Metals Processing Company (as Lessee);

e. Extension And First Amendment Of Lease, dated January 21, 2000, by and between ProvPort, Inc. (as Lessor) and Metals Recycling, L.L.C. (as Lessee);

f. Memorandum dated January 28, 2002; and

g. Letter dated March 29, 2004.

Copies of the above-referenced documents are attached hereto as Attachment "A".

**Interrogatory No. 2:**

Describe in complete detail the statutory or other regulatory authority pursuant to which the Tariff referred to in paragraphs 5 through 9 of the Complaint, and all amendments thereto, were promulgated, issued, and/or filed.

**Answer:** ProvPort objects to this Interrogatory on the grounds that it calls for a legal conclusion and/or legal opinion.

**Interrogatory No. 3:**

For each of paragraphs 11 through 18, inclusive, state:

a. the quantity and units by which the claim for dockage is calculated;

b. the rate at which the claim for dockage is calculated;

c. the identity of the basis for the rate identified in subparagraph (b) above;

d. the amount received by plaintiff, or its predecessor, for dockage relative to such ship for the occasion on which the claim is based;

e. the identity of any documents that support, relate to or contradict the claim; and

f. the identity of any documents or other communication by which

plaintiff, or its predecessor, made demand for the payment claimed in such paragraph.

**Answer:**

a. see documents attached hereto as Attachment "B";

b. see documents attached hereto as Attachment "B";

c. see Port of Providence Terminal Tariff No. 200, as amended (a copy of the Tariff is attached as Exhibit "A" to the Verified Complaint) and documents attached hereto as Attachment "A";

d. see documents attached hereto as Attachment "B";

e. see documents attached hereto as Attachment "B";

f. see documents attached hereto as Attachment B.

**Interrogatory No. 4:**

For each of paragraphs 22 through 86, inclusive, state:

a. the quantity and units by which the claim for wharfage is calculated;

b. the rate at which the claim for wharfage is calculated;

c. the identify of the basis for the rate identified in subparagraph (b) above;

d. the amount received by plaintiff, or its predecessor, for wharfage relative to such ship for the occasion on which the claim is based;

e. the identity of any documents that support, relate to or contradict the claim; and

f. the identity of any documents or other communication by which plaintiff, or its predecessor, made demand for the payment claimed in such paragraph.

**Answer:**

a. see documents attached hereto as Attachment "C";

b. see documents attached hereto as Attachment "C";

c. see Port of Providence Terminal Tariff No. 200, as amended (a copy of the Tariff is attached as Exhibit "A" to the Verified Complaint) and documents attached hereto as Attachment "A";

d. see documents attached hereto as Attachment "C";

e. see documents attached hereto as Attachment "C";

f. see documents attached hereto as Attachment "C".

**Interrogatory No. 5:**

For each of paragraphs 90 - 103, inclusive, state:

a. the quantity and units by which the claim for usage is calculated;

b. the rate at which the claim for usage is calculated;

c. the identify of the basis for the rate identified in subparagraph (b) above;

d. the amount received by plaintiff, or its predecessor, for usage relative to such ship for the occasion on which the claim is based;

e. the identity of any documents that support, relate to or contradict the claim; and

f. the identity of any documents or other communication by which plaintiff, or its predecessor, made demand for the payment claimed in such paragraph.

**Answer:** a. see documents attached hereto as Attachment "D";

b. see documents attached hereto as Attachment "D";

c. see Port of Providence Terminal Tariff No. 200, as amended (a copy of the Tariff is attached as Exhibit "A" to the Verified Complaint) and documents attached hereto as Attachment "A";

d. see documents attached hereto as Attachment "D";

e. see documents attached hereto as Attachment "D";

f. see documents attached hereto as Attachment "D".

**Interrogatory No. 6:**

For each of paragraphs 107-144, inclusive, state:

a. the quantity and units by which the claim for rent and related charges is calculated;

b. the rate at which the claim for rent and related charges is calculated;

c. the identity of the basis for the rate identified in subparagraph (b) above;

d. the amount received by plaintiff, or its predecessor, for rent and related charges relative to such ship [sic] for the occasion on which the claim is based;

e. the identity of any documents that support, relate to or contradict the claim; and

f. the identity of any documents or other communication by which plaintiff, or its predecessor, made demand for the payment claimed in such paragraph.

**Answer:** a. see documents attached hereto as Attachment "E";

b. see documents attached hereto as Attachment "E".

c. see documents attached hereto as Attachment "A";

d. see documents attached hereto as Attachment "E";

e. see documents attached hereto as Attachment "E";

f. see documents attached hereto at Attachment "E".

**Interrogatory No. 7:**

Provide a detailed description of the "dock repairs" referred to at paragraph 148 of the Complaint, and give a complete explanation of the basis on which plaintiff claims that defendant is liable for such repairs, including a complete description of the reason that such repairs were made.

**Answer:** See documents to be produced. Metals Recycling, L.L.C. and/or its agents and/or persons/entities for which it was responsible caused the damage with respect to which the repairs to the dock were required, undertaken, and completed by or on behalf of ProvPort.

**Interrogatory No. 8:**

Provide a detailed explanation of the "repairs to broken hydrants' referred to in paragraph 149 of the Complaint, together with a complete explanation of the basis on which plaintiff asserts that defendant is liable for such repairs.

**Answer:** See documents to be produced. Metals Recycling, L.L.C. and/or its agents and/or persons/entities for which it was responsible caused the damage with respect to which the repairs to the hydrants were required, undertaken, and completed by or on behalf of ProvPort.

**Interrogatory No. 9:**

Provide a complete explanation of the basis on which plaintiff asserts that defendant is liable for "purchase and installation of bollards," as referred to at paragraph 150 of the Complaint.

**Answer:** See documents attached hereto as Attachment "F". Metals Recycling, L.L.C. and/or its agents and/or persons/entities for which it was responsible caused the damage which required ProvPort to purchase and install the ballards identified in the documents attached hereto as Attachment "F".

Signed under the pains and penalties of perjury this ___ day of April, 2005.

______________________________
Raymond Meador, President
ProvPort, Inc.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

April ___, 2005

Then personally appeared before me that above-named Raymond Meador, President of ProvPort, Inc., and swore that the foregoing Answers To Interrogatories are true and accurate.

______________________________
Notary Public
My Commission Expires:_________

As To Objections:

Stephen J. Reid, Jr. #2811
Attorney for ProvPort, Inc.
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2005, I caused a copy of ProvPort, Inc.'s Answers to First Set Of Interrogatories Propounded By Metals Recycling, L.L.C. to be hand-delivered to:

R. Daniel Prentiss, Esq.
Gregory L. Benik, Esq.
Holland & Knight, LLP
One Financial Plaza
Providence, RI 02903

Signed under the pains and penalties of perjury this 18 day of April, 2005.

Raymond Meador, President
ProvPort, Inc.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

April 18, 2005

Then personally appeared before me that above-named Raymond Meador, President of ProvPort, Inc., and swore that the foregoing Answers To Interrogatories are true and accurate.

Beverly Motta Norton
Notary Public
My Commission Expires: 3/27/09

As To Objections:

Stephen J. Reid, Jr. #2811
Attorney for ProvPort, Inc.
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2005, I caused a copy of ProvPort, Inc.'s Answers to First Set Of Interrogatories Propounded By Metals Recycling, L.L.C. to be hand-delivered to:

R. Daniel Prentiss, Esq.
Gregory L. Benik, Esq.
Holland & Knight, LLP
One Financial Plaza
Providence, RI 02903