UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROVPORT, INC.
Plaintiff and
Defendant-In-Counterclaim

vs. C.A. NO. 04-329-L

METALS RECYCLING, L.L.C.
Defendant and
Plaintiff-In-Counterclaim

**PROVPORT, INC.'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION BY METALS RECYCLING, L.L.C.**

Plaintiff and defendant-in-counterclaim, ProvPort, Inc. ("ProvPort"), objects to the First Set Of Requests For Production by defendant and plaintiff-in-counterclaim, Metals Recycling, L.L.C., to the extent that the documents sought are protected by the attorney-client privilege and/or work product privilege. Without waiving but specifically preserving and incorporating these preliminary objections in its Responses to the individual Requests, ProvPort hereby responds to that First Set Of Requests For Production as follows:

**Request No. 1:** All documents identified in answers to interrogatories served on or about January 31, 2005.

**Response**: The requested documents have been produced with ProvPort, Inc.'s Answers To First Set Of Interrogatories Propounded By Metals Recycling, L.L.C.

**Request No. 2:** If not included in the foregoing, all documents on which plaintiff relies in asserting its claims for dockage, wharfage, usage, rent and repairs.

**Response:** See Response to Request 1, above.

**Request No. 3:** If not included in the foregoing, for each claim asserted in paragraphs 11 through 18, inclusive, all documents that support, relate to, or contradict the claim for dockage, and that reflect payments received by plaintiff for its predecessor with respect to the vessel for the period for which the claim is made.

**Response:** See Response to Request 1, above.

**Request No. 4:** If not included in the foregoing, for each claim asserted in paragraphs 22 through 86, inclusive, all documents that support, relate to, or contradict the claim for wharfage, and that reflect payments received by plaintiff or its predecessor with respect to the vessel for the period for which the claim is made.

**Response:** See Response to Request 1, above.

**Request No. 5:** If not included in the foregoing, for each claim asserted in paragraphs 90 through 103, inclusive, all documents that support, relate to, or contradict the claim for usage, and that reflect payments received by plaintiff or its predecessor with respect to the vessel for the period for which the claim is made.

**Response:** See Response to Request 1, above.

**Request No. 6:** If not included in the foregoing, for each claim asserted in paragraphs 107 through 140, inclusive, all documents that support, relate to, or contradict the claim for rent, and that reflect payments received by plaintiff or its predecessor for the period for which the claim is made.

**Response:** See Response to Request 1, above.

**Request No. 7:** All documents that refer or relate to the "dock repairs" referred to in paragraph 148 of the Complaint.

**Response:** See Response to Request 1, above.

**Request No. 8:** All documents that refer or relate to the "repairs to broken hydrants" as referred to at paragraph 149 of the Complaint.

**Response:** See Response to Request 1, above.

**Request No. 9:** All documents that refer or relate to the "purchase and installation of bollards" as referred to at paragraph 150 of the Complaint.

**Response:** See Response to Request 1, above.

ProvPort, Inc.

By its Attorneys,

Stephen J. Reid, Jr. #2811
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: April 18, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2005, I caused a copy of ProvPort, Inc.'s Responses To First Set Of Requests For Production By Metals Recycling, L.L.C. to be hand-delivered to:

R. Daniel Prentiss, Esq.
Gregory L. Benik, Esq.
Holland & Knight, LLP
One Financial Plaza
Providence, RI 02903