UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROVPORT, INC., Plaintiff, | : | |
| vs. | : | C.A. No.: 04-329-L |
| METALS RECYCLING, L.L.C., Defendant | : | |

**DEFENDANT METAL RECYCLING, LLC'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF PROVPORT, INC.**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Metals Recycling L.L.C. ("Metals Recycling") hereby moves to compel Plaintiff ProvPort, Inc. ("ProvPort") to produce documents in accord with the Defendant's second request for production of documents (the "Second Document Requests"). These documents are reasonably calculated to lead to the discovery of admissible evidence and are not unduly burdensome or overly broad given that the Plaintiff has put the subject of these document requests at issue. In further support of its motion, the Defendant submits the accompanying memorandum of law.

WHEREFORE, the Defendant, Metal Recycling, respectfully requests that this Court allow its motion to compel documents in accord with the requests made in the Second Document Requests.

DEFENDANT,
METALS RECYCLING, L.L.C.
By its attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esq. (# 0783)
Gregory L. Benik, Esq. (# 1515)
John P. Walsh, Esq. (# 6709)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

# CERTIFICATE OF SERVICE

The undersigned certifies that the within Motion to Compel was served by sending it to Stephen J. Reid, Jr., Esq., Blish & Cavanaugh, L.L.P., 30 Exchange Terrace, Providence, Rhode Island, 02903, by U.S. Mail, First Class, postage prepaid, and by facsimile, this 29th day of August, 2005.

____________________

# 3182259_v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROVPORT, INC., Plaintiff, | : | |
| vs. | : | C.A. No.: 04-329-L |
| METALS RECYCLING, L.L.C., Defendant | : | |

**DEFENDANT METALS RECYCLING, LLC'S REQUEST FOR ORAL ARGUMENT**

Defendant Metals Recycling LLC hereby requests an oral argument for its motion to compel filed on August 29, 2005.

DEFENDANT,
METALS RECYCLING, L.L.C.
By its attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esq. (# 0783)
Gregory L. Benik, Esq. (# 1515)
John P. Walsh, Esq. (# 6709)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

**CERTIFICATE OF SERVICE**

The undersigned certifies that the within Motion to Compel was served by sending it to Stephen J. Reid, Jr., Esq., Blish & Cavanaugh, L.L.P., 30 Exchange Terrace, Providence, Rhode Island, 02903, by U.S. Mail, First Class, postage prepaid, ~~and~~ by facsimile, this 29th day of August, 2005.

\# 3182352_v1

0UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROVPORT, INC., Plaintiff, | : : | |
| vs. | : : | C.A. No.: 04-329-L |
| METALS RECYCLING, L.L.C., Defendant | : : : | |

**DEFENDANT METALS RECYCLING, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL**

INTRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Metals Recycling L.L.C. (hereafter "Defendant" or "Metal Recycling") moves to compel Plaintiff ProvPort, Inc. (hereafter "Plaintiff" or "ProvPort") to produce documents in accord with the requests made in the Defendant's Second Set of Document Requests (the "Second Document Requests").

FACT/TRAVEL

Since November of 1997, Defendant Metal Recycling has conducted business with Plaintiff ProvPort at the Port of Providence. On August 2, 2004, the Plaintiff filed a 32-page verified complaint against the Defendant, seeking relief under five separate counts: (1) dockage, (2) wharfage, (3) usage, (4) rent and related charges, and (5) repairs. (*See* Plaintiff's Verified Complaint, attached as **Exhibit 1.**) In response, the Defendant filed a counterclaim against the Plaintiff, alleging that the Plaintiff had made unjustified and unlawful demands on the Defendant to pay money beyond the scope of the Defendant's legal obligations to the Plaintiff.

In the Plaintiff's case, the allegations concerning the Defendant's unpaid debt for, *inter alia*, "Dockage" and "Wharfage" hinge, in part, on the Plaintiff's application of the "Tariff, as amended." Specifically, the Plaintiff alleges in paragraph 5 of the Verified Complaint that:

> On June 10, 1994, Port of Providence Terminal Tariff No. 200 (the "Tariff") was duly issued by Thomas F. O'Connor, Jr., Executive Director of the Port, which Tariff became effective

> on July 10, 1994. A copy of the Tariff is attached hereto and incorporated by reference as Exhibit "A". ProvPort has at all times material hereto applied the rate and charges set forth in the **Tariff, as amended**, with respect to, inter alia, "dockage", "wharfage", and "usage". (*See* Verified Complaint, **Exhibit 1**) (emphasis added).

In subsequent paragraphs, the Plaintiff also alleges that the "dockage" rates "have since been amended" and that "[e]ffective May 1, 2004 the wharfage rate for scrap metal was increased to $1.25 per ton of 2,000 pounds." (*See* Verified Complaint, ¶¶ 7,8.) Utilizing these amended Tariff rates, the Plaintiff then calculates the specific damages allegedly caused by the Defendant. (*See, e.g.*, Verified Complaint, ¶¶ 20, 88, attached as **Exhibit 1**.) For instance, the Plaintiff asserts in paragraph 20 of the Verified Complaint that "Metals owes ProvPort the total principle amount of $75,614.74 in Docket charges in accordance with the Tariff, as amended. . ." (Verified Complaint, **Exhibit 1**.)

On January 31, 2005, Defendant Metals Recycling served a set of interrogatories and requests for production of documents on Plaintiff ProvPort. In these interrogatories, the Defendant asked the Plaintiff to delineate the legal basis for its claim that the Defendant had to pay the alleged "Tariff, as amended."[1] For instance, Interrogatory No. 2 requested the following information: "Describe in complete detail the statutory or other regulatory authority pursuant to which the Tariff referred to in paragraphs 5 through 9 of the Complaint, and all amendments thereto, were promulgated, issued, and/or filed." After Metals Recycling filed a motion for an order compelling an answer to this interrogatory, the Plaintiff eventually provided the following answer:

> "Title 46 U.S.C. Appx. § 1701, et seq.; and 46 C.F.R. §§ 525.1 and 525.2. 46 C.F.R. § 525.2, entitled 'Terminal schedules', provides in pertinent part as follows:
>
> > (a) *Marine terminal operator schedules*. A marine terminal operator, at its discretion, may make available to the public, subject to section 10(d) of the Act, a schedule of its rates, regulations, and practices.
> >
> > (b) *Enforcement of terminal schedules*. Any schedule that is made available to the public by the marine terminal operator shall be enforceable by an appropriate court as an implied contract between the marine terminal operator and the party receiving the

1

> services rendered by the marine terminal operator, without proof that such party has actual knowledge of the provisions of the applicable terminal schedule.

46 CFR 525.2(a)(2). Therefore, the Plaintiff's case for payment at the "Tariff, as amended" rate was based on a statutory provision providing for an "implied" contract price.

Once the Plaintiff had outlined its legal basis for its claim, the Defendant served additional document requests seeking to determine whether the Plaintiff had applied this same implied rate to all of its customers. (*See* Plaintiff's Responses to the Second Document Requests, attached as <u>Exhibit 2</u>.) On August 5, 2005, the Plaintiff objected to these requests:

1. **Document Request**: All leases that have been in effect at Port of Providence from 1996 to date.

   **Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

2. **Document Request**: All communications by ProvPort, or by any person acting on behalf of ProvPort, made in connection with the 2003 Bond Refinancing in which there was any reference to leases in existence at the Port of Providence and/or any reference to lease income at the Port of Providence.

   **Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

3. **Document Request**: All rate schedules, or any other documents, that contain the rates at which ProvPort has charged any person or entity for rent, wharfage, dockage, or usage from 1996 to the present.

   **Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

4. **Document Request**: All invoices to all persons or entities for rent, wharfage, dockage or usage from 1996 to date.

   **Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

5. **Document Request**: All revenue projections that were prepared in connection with the 2003 Bond Refinancing, and itemize the revenue by the appropriate category.

**Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

On August 22, 2005, the Defendant sent a letter to the Plaintiff, requesting documents in accord with the Second Document Requests. The Defendant also noted that it would be filing a motion to compel in the event that there was no response. To date, the Defendant has failed to respond. (*See* Walsh Letter, dated August 22, 2005, attached as **Exhibit 3**.)

ARGUMENT

The Plaintiff cannot object to these document requests because the documents sought by the Defendant constitutes "discovery [that] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Public Service Enterprise Group Inc. v Philadelphia Electric Co.*, 130 F.R.D. 543, 548-551 (D.N.J. 1990) (enclosed as **Exhibit 4**) (In breach of contract action involving electric power outages, plaintiffs would be compelled to answer interrogatories concerning course of conduct under similar contracts since information sought appeared to lead to discovery of admissible evidence concerning plaintiff's interpretation of contract in instant case.). In *Public Service Enterprise*, the court reasoned that a party's course of conduct toward other contracts was relevant to discovery related to the contract at issue: "It is sufficient for present purposes that discovery clearly related to plaintiff's knowledge and belief concerning the [contract's] interpretation go forward as a necessary step toward the gathering of admissible evidence." *Id.* at 550.

In this case, the Plaintiff has sought to apply an amended tariff rate based on, *inter alia*, 46 CFR 525.2(a)(2). Under this provision, "[a]ny schedule that is made available to the public by the marine terminal operator shall be enforceable by an appropriate court as an implied contract." 46 C.F.R. 525.2(a)(2). Thus, the Plaintiff argues that the Defendant must pay the amended tariff rate in

accord with a statutorily imposed "implied" contract rate. In determining the validity of this contract issue, therefore, the Defendant has a right to discovery concerning the issue of whether the Plaintiff has applied this same rate to other similarly situated parties because this information may lead to admissible evidence about whether this court should interpret the contract at issue to incorporate this "implied" rate. *Public Service Enterprise Group Inc. v Philadelphia Electric Co.*, 130 F.R.D. 543, 548-551 (D.N.J. 1990); *see generally* 17A Am Jur 2d Contract, § 14 ("A contract implied in law may be evidenced by acts done in the course of performance or by ordinary practices in the trade.").

Moreover, these requests are not unduly burdensome or overly broad given that the Plaintiff has, in effect, put its trade practices at issue in this case by arguing that it follows the terms of the marine terminal's schedule. That is, if the Plaintiff is going to seek significant damages from the Defendant based on a statutorily based "implied" contract rate, it must be willing to provide the Defendant with sufficient information to properly assess such a claim. It is not unreasonable for the Defendant to ask for documents that demonstrate how the Plaintiff has applied the "Tariff, as amended" to other parties in order to ascertain whether those amended rates should be implied into the Defendant's contract with the Plaintiff.

## CONCLUSION

For the reasons stated above, the Defendant respectfully requests that this Court allow the motion to compel.

## CERTIFICATION OF ATTORNEY

I, John P. Walsh, herein certify that, pursuant to Rule 37(a)(2) of the Rules of Civil Procedure, the attorneys of Holland & Knight LLP made a good faith attempt to resolve this discovery dispute prior to filing the within motion.

John P. Walsh, Esq.

DEFENDANT,
METALS RECYCLING, L.L.C.
By its attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esq. (# 0783)
Gregory L. Benik, Esq. (# 1515)
John P. Walsh, Esq. (# 6709)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

## CERTIFICATE OF SERVICE

The undersigned certifies that the within Motion to Compel was served by sending it to Stephen J. Reid, Jr., Esq., Blish & Cavanaugh, L.L.P., 30 Exchange Terrace, Providence, Rhode Island, 02903, by U.S. Mail, First Class, postage prepaid, ~~and by facsimile~~, this 29th day of August, 2005.

# 3176439_v1