UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROVPORT, INC.,<br>Plaintiff, | : | |
| vs. | : | C.A. No.: 04-329-L |
| METALS RECYCLING, L.L.C.,<br>Defendant | : | |

**DEFENDANT METAL RECYCLING, LLC'S MOTION TO COMPEL THE ANSWER TO THE DEFENDANT'S SECOND SET OF INTERROGATORIES**

Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, Defendant Metals Recycling L.L.C. ("Metals Recycling") hereby moves to compel Plaintiff ProvPort, Inc. ("ProvPort") to answer the Defendant's second set of interrogatories (the "Second Interrogatories"). These interrogatories are reasonably calculated to lead to the discovery of admissible evidence and are not unduly burdensome or overly broad. In further support of its motion, the Defendant asserts the following:

1. **Second Set of Interrogatories**: On August 16, 2005, the Defendant served its second set of interrogatories, consisted of six interrogatories. (See Second Set of Interrogatories, attached as **Exhibit A**.) The Plaintiff responded on September 27, 2005 with the following objection to each and every interrogatory:

> ProvPort objects to this Interrogatory on the grounds that it is oppressive, unduly burdensome, overly broad, seeks information which is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. (*See* Plaintiff's Responses, attached as **Exhibit B**.)

Because these interrogatories are seeking information within the scope of Rule 26, these objections are inappropriate.

2. **Recent Court Order**: On September 27, 2005, this Court issued an order granting, in part, the Defendant's motion to compel documents (the "Court Order"). (*See* Judge Almond's Memorandum and Order, attached as **Exhibit C**). This order demonstrates that most of the information sought in the interrogatories is within the scope of Rule 26.

3. **Interrogatory No. 1:** The first interrogatory states: "Identify all persons or entities from which the ProvPort has collected rent, wharfage, dockage, and usage for the time period 1996 to the present." (*See* Second Set of Interrogatories, attached as **Exhibit A**.)

4. **Full Response Required Except for Rent:** For this interrogatory, the Court Order requires the Plaintiff to provide a full response, except for any information regarding rent. (*See* Court Order, attached as **Exhibit C**.) Under the Court Order, the Plaintiff must produce all documents responsive to Document Request No. 3, except for documents related to rent. That is, the Plaintiff was ordered to produce the following: "All rate schedules, **or any other documents**, that contain the rates at which ProvPort has charged any person or entity for rent, wharfage, dockage, or usage from 1996 to the present." (Defendant's Second Set of Document Requests, Request No. 3, attached as **Exhibit D.**) (emphasis added). These documents will include the names of all entities that "ProvPort has collected . . . wharfage, dockage and usage for the period 1996 to the present." (*Id.*) Consequently, the Plaintiff must answer this interrogatory to the extent it does not require information on rent.

5. **Interrogatory No. 2:** The second interrogatory states: "For each such person or entity identified in the first interrogatory, *supra*, identify the rates charged to this person or entity for rent, wharfage, dockage, or usage, and the periods which the rates went into effect for this person or entity during the time period of 1996 to the present." (*See* Second Set of Interrogatories, **Exhibit A**.)

6. **Full Response Except for Rent:** Because the analysis for Interrogatory No. 1 applies to this interrogatory, the Plaintiff must also provide a full response for this interrogatory, except for information concerning rent.

7. **Interrogatory No. 3**: The third Interrogatory states: "For each such person or entity identified in the first interrogatory, *supra*, identify which of these persons or entities, if any, have not been subject to the same implied contractual modifications allegedly applicable to the rates

owed by Metals Recycling for rent, wharfage, dockage, or usage for the period 1996 to the present." (*See* Second Set of Interrogatories, attached as **Exhibit A**.)

8. **Full Response Except for Rent:** Again, because the analysis for Interrogatory No. 1 applies to this interrogatory, the Plaintiff must provide a full response, except for information concerning rent.

9. **Interrogatory No. 4:** The fourth interrogatory states: "For each person or entity identified in the third interrogatory, *supra*, identify the factual and legal basis for not applying the same modified rate allegedly applicable to Metals Recycling."

10. **Full Response Except for Rent:** Once again, because the analysis for Interrogatory No. 1 also applies to this interrogatory, the Plaintiff must provide a full response except for information concerning rent.

11. **Interrogatory No. 5:** The fifth interrogatory states: "Identify what revenue associated with Metals Recycling was used in any and all revenue projections prepared or used in connection with the 2003 Bond Refinancing, and itemize the revenue by its appropriate category."

12. **Full Response:** For this interrogatory, the Court Order requires the Plaintiff to provide a full response. In the Court's decision, the Order provides that the Plaintiff must produce all documents concerning Request Nos. 2 and 5 to the extent these requests cover "communications making reference to the lease arrangements between the parties sought under Request No. 2." (Court Order, ¶ B, **Exhibit C**.) That is, the Plaintiff must produce all party statements related to the following: "All communications by ProvPort, or by any person acting on behalf of ProvPort, made in connection with the 2003 Bond Refinancing in which there was any reference to leases in existence at the Port of Providence and/or any reference to lease income at the Port of Providence." In addition, this interrogatory is relevant to the Plaintiff's expectation about how much it would charge Metal Recycling for wharfage, dockage, etc, and that is relevant to the defenses asserted by the Defendant.

13. **Interrogatory No. 6:** The sixth interrogatory states: "Identify all facts that support ProvPort's claim that it had an implied contractual right to alter, or otherwise modify, the rates charged to Metals Recycling for rent, wharfage, dockage, or usage for the period 1996 to the present."

14. **Full Response:** While this interrogatory is unaffected by Judge Almond's decision, it is within the scope of discovery in this case because it is seeking information related to a claim asserted by the Plaintiff. Thus, the Plaintiff must provide a full response.

15. **Good Faith Attempt to Resolve Matter:** On October 17, 2005, the Defendant sent the Plaintiff a letter outlining its position on these interrogatories. (See Walsh Letter, dated October 17, 2005, attached as **Exhibit E**). During subsequent conversations, it became clear that the parties did not agree on this issue. Therefore, the Defendant certifies that it has made a good faith attempt to resolve this issue without filing a Rule 37 motion.

WHEREFORE, the Defendant, Metal Recycling, respectfully requests that this Court allow its motion to compel answers to its interrogatories within 10 days of a decision.

DEFENDANT,
METALS RECYCLING, L.L.C.
By its attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esq. (# 0783)
Gregory L. Benik, Esq. (# 1515)
John P. Walsh, Esq. (# 6709)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

## CERTIFICATE OF SERVICE

The undersigned certifies that the within Motion to Compel was served by sending it to Stephen J. Reid, Jr., Esq., Blish & Cavanaugh, L.L.P., 30 Exchange Terrace, Providence, Rhode Island, 02903, by U.S. Mail, First Class, postage prepaid, and by facsimile, this 2nd day of November, 2005.

# 3182259_v1