UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILE

PROVPORT, INC.,
Plaintiff,

vs. C.A. No.: 04-329-L

METALS RECYCLING, L.L.C.,
Defendant

**DEFENDANT METALS RECYCLING, L.L.C.**
**SECOND SET OF REQUESTS FOR PRODUCTION**
**ADDRESSED TO PLAINTIFF**

Defendant METALS RECYCLING, L.L.C. pursuant to Rule 34 of the Federal Rules of Civil Procedure hereby requests the Plaintiffs to produce the following documents within 30 days of the service hereof:

DEFINITIONS

**The Requests which follow are to be read, interpreted and answered with reference to the following definitions and instructions:**

1. The term PLAINTIFF shall refer to Prov Port, Inc.

2. The term "DEFENDANT" means the named defendant in this case, METALS RECYCLING, L.L.C., and any present or former officers, directors, employees and agents thereof.

3. The term "DOCUMENT" is intended to have the broadest possible meaning and to include anything coming within the definition of "writings" and "recordings" set forth in Rule 1001(1) of the Federal Rules of Evidence, and shall mean and include correspondence, letters, memoranda, handwritten notes, messages, telegrams, diaries, calendars, videotapes, tape recordings, photographs, reports, notations, drafts, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, purchase orders, bills, checks, tabulations,

questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, e-mail messages, computer tapes, discs or documents, electronic or other transcriptions or taping of telephone or personal conversations or conferences, and any other written, printed, typed, punched, taped, filed or graphic material, however produced or reproduced. Responsive documents should be produced with all attachments and enclosures. A draft or non-identical copy is a separate document within the meaning of this term.

4. The term "CONCERNING" means referring to, related to, describing, evidencing, or constituting.

5. The terms "AND" or "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

6. The term "2003 Bond Refinancing" shall mean the bond refinancing that occurred in 2003 by and between the Providence Redevelopment Agency and ProvPort.

## INSTRUCTIONS

1. If any information, communication, or document responsive to any one of the following requests, or any portion thereof, is withheld on the basis of any claim of privilege, identify such information, communication, or document by stating its date; author(s); addressee(s) and copy(s); title; substance or subject matter; type (i.e., memorandum, letter or report, etc.); any attachments to the document; all persons who have had access to or have knowledge of such information, communication, or document; and the basis for the contention that such information, communication, or document is privileged or otherwise not subject to discovery.

2. If any document responsive to any of the following requests has been destroyed, discarded, or otherwise disposed of, please identify it by stating its date; author(s), addressee(s) and copy(s); title; substance or subject matter; type (i.e., memorandum, letter or report, etc.); any attachments to the document; all persons who have had access to or who have knowledge of the nature, subject matter, and contents of the document; the date of the destruction or other disposition of the document; the manner and reason for its destruction or other disposition; and the identity of the person(s) authorizing such destruction or other disposition.

3. All documents are to be produced as they are kept in the usual course of business, as provided by the Federal Rules of Civil Procedure, with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the appropriate document request herein. If there are no documents responsive to a particular request, please state so in the written response to that request.

**DOCUMENTS TO BE PRODUCED**

1. All leases that have been in effect at Port of Providence from 1996 to date.

2. All communications by ProvPort, or by any person acting on behalf of ProvPort, made in connection with the 2003 Bond Refinancing in which there was any reference to leases in existence at the Port of Providence and/or any reference to lease income at the Port of Providence.

3. All rate schedules, or any other documents, that contain the rates at which ProvPort has charged any person or entity for rent, wharfage, dockage, or usage from 1996 to the present.

4. All invoices to all persons or entities for rent, wharfage, dockage or usage from 1996 to date.

5. All revenue projections that were prepared in connection with the 2003 Bond Refinancing, and itemize the revenue by the appropriate category.

Defendant,
METALS RECYCLING, L.L.C.
By its attorneys,

HOLLAND & KNIGHT LLP

R. Daniel Prentiss, Esq. (#0783)
Gregory L. Benik, Esq. (#1515)
John P. Walsh, Esq. (#6709)
One Financial Plaza, Suite 1800
Providence, RI 02903
Tel: 401-751-8500
Fax: 401-553-6850

CERTIFICATE OF SERVICE

The undersigned certifies that the within Request for Production was served by sending it to Stephen J. Reid, Jr., Esq., Blish & Cavanaugh, L.L.P., 30 Exchange Terrace, Providence, Rhode Island, 02903, by U.S. Mail, First Class, postage prepaid, this 12th day of July, 2005.

Sara Ritchie

# 3009327_v1