Holland+Knight

Tel 401 751 8500
Fax 401 553 6850

Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
www.hklaw.com

CHRON FILE

Jack Walsh
401 824 5130
jack.walsh@hklaw.com

October 17, 2005

VIA FACSIMILE AND REGULAR MAIL

Stephen J. Reid, Jr., Esq.
Blish & Cavanaugh, LLP
30 Exchange Terrace
Providence, RI 02903

Re: *ProvPort, Inc. v. Metals Recycling, LLC*
Rhode Island Federal District Court, Civil Action No. 04-329-L

Dear Stephen:

I did not hear from you on Friday concerning your supplemental responses to our second set of interrogatories in light of Judge Almond's recent Memorandum and Order. To expedite this matter, I will outline below our position on each interrogatory. If you do not accept our position, please contact me as soon as possible to discuss. Also, we have decided not to object to your motion to amend.

1. Identify all persons or entities from which the ProvPort has collected rent, wharfage, dockage, and usage for the time period 1996 to the present.

- **Full Response Except for Rent:** For this interrogatory, Judge Almond's recent Memorandum and Order, issued on September 27, 2005, requires you to provide a full response, except for any information regarding rent. (*See* Almond Memorandum and Order, attached as **Exhibit 1.**) Under Judge Almond's Memorandum and Order, he ordered your client to produce all documents responsive to Document Request No. 3, except for documents related to rent. That is, your client was ordered to produce the following: "All rate schedules, **or any other documents**, that contain the rates at which ProvPort has charged any person or entity for rent, wharfage, dockage, or usage from 1996 to the present." (Defendant's Second Set of Document Requests, Request No. 3, attached as **Exhibit 2.**) (emphasis added). These documents will include the names of all entities that "ProvPort has collected . . . wharfage, dockage and usage for the period 1996 to the present." (*Id.*) Consequently, you must answer this interrogatory to the extent it does not require information on rent.

2. For each such person or entity identified in the first interrogatory, *supra*, identify the rates charged to this person or entity for rent, wharfage, dockage, or usage, and the periods which the rates went into effect for this person or entity during the time period of 1996 to the present.

   - **Full Response Except for Rent:** Because the analysis for Interrogatory No. 1 applies to this interrogatory, your client must provide a full response except for information concerning rent.

3. For each such person or entity identified in the first interrogatory, *supra*, identify which of these persons or entities, if any; have not been subject to the same implied contractual modifications allegedly applicable to the rates owed by Metals Recycling for rent, wharfage, dockage, or usage for the period 1996 to the present.

   - **Full Response Except for Rent:** Because the analysis for Interrogatory No. 1 applies to this interrogatory, your client must provide a full response except for information concerning rent.

4. For each person or entity identified in the third interrogatory, *supra*, identify the factual and legal basis for not applying the same modified rate allegedly applicable to Metals Recycling.

   - **Full Response Except for Rent:** Because the analysis for Interrogatory No. 1 applies to this interrogatory, your client must provide a full response except for information concerning rent.

5. Identify what revenue associated with Metals Recycling was used in any and all revenue projections prepared or used in connection with the 2003 Bond Refinancing, and itemize the revenue by its appropriate category.

   - **Full Response:** For this interrogatory, Judge Almond's Memorandum and Order requires your client to provide a full response. In Judge Almond's decision, he orders your client to produce all documents concerning Request Nos. 2 and 5 to the extent these requests cover "communications making reference to the lease arrangements between the parties sought under Request No. 2." (Order, ¶ B, **Exhibit 1**.) Moreover, this interrogatory is relevant to your client's expectation about how much it would charge Metal Recycling for wharfage, etc.

6. Identify all facts that support ProvPort's claim that it had an implied contractual right to alter, or otherwise modify, the rates charged to Metals Recycling for rent, wharfage, dockage, or usage for the period 1996 to the present.

   - **Full Response:** While this interrogatory is unaffected by Judge Almond's decision, it is within the scope of discovery in this case. Thus, your client must provide a full response.

If we cannot agree on this matter before this Friday, October 21, 2005, we will file a motion to compel. If you agree with our analysis, but need additional time, please feel free to contact me to discuss. Also, when do you plan on producing the documents allowed under Judge Almond's most recent Memorandum and Order? We would expect them no later than October 26, 2005 because that is 30 days from the date of Judge Almond's Order.

If you have any questions or concerns, please feel free to contact me. I look forward to hearing from you. Thank you.

Sincerely yours,

HOLLAND & KNIGHT LLP

Jack Walsh

Jack Walsh

cc R. Daniel Prentiss, Esq.

JPW/sjr
enclosure

# 3308631_v1