UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PROVPORT, INC.
Plaintiff and
Defendant-In-Counterclaim

vs. C.A. NO. 04-329-L

METALS RECYCLING, L.L.C.
Defendant and
Plaintiff-In-Counterclaim

**PROVPORT, INC.'S RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION BY METALS RECYCLING, L.L.C.**

Plaintiff and defendant-in-counterclaim, ProvPort, Inc. ("ProvPort"), objects to the Second Set Of Requests For Production by defendant and plaintiff-in-counterclaim, Metals Recycling, L.L.C., to the extent that the documents sought are protected by the attorney-client privilege and/or work product privilege. Without waiving but specifically preserving and incorporating these preliminary objections in its Responses to the individual Requests, ProvPort hereby responds to that Second Set Of Requests For Production as follows:

**Request No. 1:** All leases that have been in effect at Port of Providence from 1996 to date.

**Response**: ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 2:** All communications by ProvPort, or by any person acting on behalf of ProvPort, made in connection with the 2003 Bond Refinancing in which there was any reference to leases in existence at the Port of Providence and/or any reference to lease income at the Port of Providence.

**Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 3:** All rate schedules, or any other documents, that contain the rates at which ProvPort has charged any person or entity for rent, wharfage, dockage, or usage from 1996 to the present.

**Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 4:** All invoices to all persons or entities for rent, wharfage, dockage or usage from 1996 to date.

**Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 5:** All revenue projections that were prepared in connection with the 2003 Bond Refinancing, and itemize the revenue by the appropriate category.

**Response:** ProvPort objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

ProvPort, Inc.

By its Attorneys,

Stephen J. Reid, Jr. #2811
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: August 5, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2005, I caused a copy of ProvPort, Inc.'s Responses To Second Set Of Requests For Production By Metals Recycling, L.L.C. to be mailed to:

R. Daniel Prentiss, Esq.
Gregory L. Benik, Esq.
John P. Walsh, Esq.
Holland & Knight, LLP
One Financial Plaza
Providence, RI 02903